**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **ROBERT D. HOLMBURG, JR.,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 5:15-05740** |
| | ) |
| **JOE COAKLEY, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) In his Petition, Petitioner complains that the BOP is improperly calculating his sentence pursuant to the District Court's sentencing order. (Id., p. 2.) Petitioner explains that he was arrested by Virginia State authorities on October 11, 2011, for possession with intent to distribute heroin. (Id.) Petitioner states that he was subsequently sentenced to "6 years with 4 years suspended" as to his State charges. (Id.) Plaintiff contends that on April 20, 2012, he "was taken into federal custody and charged with the violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute More than 100 grams of Heroin." (Id.) Petitioner claims that on December 19, 2012, the District Court for the Western District of Virginia sentenced Petitioner to "87 months imprisonment, to run concurrent to his State of Virginia sentence beginning on April 20, 2012." (Id.) Therefore, Petitioner argues that "the beginning date of his federal sentence has been incorrectly calculated

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in light of the sentence imposed upon him by the sentencing court which ran his federal sentence concurrent to a state sentence." (Id., p. 3.)

By Order entered on May 7, 2015, United States Magistrate Judge R. Clarke VanDervort ordered that the Clerk send Petitioner a copy of a form Application to Proceed *in Forma Pauperis* and that Petitioner pay the $5.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Document No. 4.) The Court further notified Petitioner that if he failed to file a proper Application to Proceed *in Forma Pauperis* or to pay the filing fee within twenty (20) days from the date of the Order, the Court would recommend dismissal of this case. (Id.) Petitioner has not responded to the Court's Order that was entered approximately 10 months ago. Accordingly, the undersigned has determined that Petitioner has failed to take any steps to prosecute this action, and therefore, Petitioner's Petition in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication upon the merits.

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to the Petitioner as the Respondent has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Petitioner's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Petitioner has not responded to the Court's Order directing him either to pay the requisite $5.00 filing fee in full or to file an Application to Proceed *in Forma Pauperis*.

3

(Document No. 4.) Petitioner, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, the record is void of further evidence indicating that Petitioner has a history of "deliberately proceeding in a dilatory fashion" or that the Respondent has been prejudiced by the delays in this case.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Petitioner would be futile in view of Petitioner's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Petitioner's failure to respond to Judge VanDervort's Order entered approximately 10 months ago advising Petitioner that the Court would recommend dismissal if Petitioner failed to complete and file the above forms (Document No. 4). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's § 2241 Applications (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

4

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: March 7, 2016.

Omar J. Aboulhosn
United States Magistrate Judge